UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| LEIGH ANN OWEN, | ] |
| Plaintiff, | ] |
| vs. | ] 6:11-cv-01415-LSC |
| MARSHALL DURBIN & COMPANY, INC., | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.   Introduction.

The Court has for consideration a motion for summary judgment, which was filed by Marshall Durbin Food Corporation, successor-in-interest to Marshall Durbin & Company, Inc. ("Marshall Durbin").  (Doc. 8.)  Plaintiff Leigh Ann Owen sued Marshall Durbin for age and sex discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991.[1]  Specifically, Plaintiff claims that she was removed from her

---

[1] In the Complaint, Plaintiff also cites 42 U.S.C. § 1981 as a statutory basis for her sex and age discrimination claims.  (Doc. 1-1 at 1, 8-9.)  "Title 42 U.S.C. § 1981 creates a federal right of action for victims of certain types of racial discrimination."  *Jimenez v. Wellstar Health System*, 596 F.3d

administrative clerical position and not promoted to the position of Shipping Supervisor because she is a female and was sixty-four (64) years old. The issues raised in Defendant's motion for summary judgment have been briefed by the parties and are ripe for review. Upon full consideration of the legal arguments and evidence presented, Defendant's motion will be granted in part and denied in part.

II.   Facts.[2]

Plaintiff began her employment with Marshall Durbin on February 1, 1999, as a general laborer on the production floor of its Jasper, Alabama, poultry processing plant. After being injured on the job, Plaintiff was assigned to a variety of light duty jobs and then asked to work in the shipping office. Plaintiff's job title in the shipping office was "Admin/Clerical," and she worked the second shift from 3:00 p.m. to 11:30 p.m. Although Plaintiff helped move inventory when necessary, her primary job duties included "[p]aperwork, computer, [and] inventories." (Pl. Dep. at 66.)

---

1304, 1308 (11th Cir. 2010). Because there is no allegation of racial discrimination in this case, Plaintiff's § 1981 claim is dismissed.

[2]The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the Court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

On February 10, 2010, Plaintiff's boss, Angie Lewis, informed her that her second shift Admin/Clerical position was being eliminated. Specifically, Angie Lewis told Plaintiff that the plant manager, Brad Cotter, was eliminating the Admin/Clerical position because trucks would no longer be shipped out of the plant during the second shift. Plaintiff's last day in the Admin/Clerical position was April 5, 2010; she was sixty-four (64) years old. Marshall Durbin offered Plaintiff a choice of other positions: a general labor job folding boxes in the box room or a quality assurance ("QA") job. The QA job paid more than Plaintiff's Admin/Clerical position, but Plaintiff chose the box room position because she felt it was more "secure." (Pl. Dep. at 77.)

At the time Plaintiff's Admin/Clerical position was eliminated, three other employees worked in the shipping office on the second shift: Shipping Superintendent Mickey Carr, Lead Man Adam Kilgore, and Duane McLaren. A shipping employee from another shift, Debbie Johnson, testified that trucks never stopped shipping out during the second shift, and "Adam Kilgore, a lead person in shipping, took over [Plaintiff's] job." (Johnson Decl. ¶ 3.)

In Fall 2010, Adam Kilgore was promoted to the Shipping Supervisor position. Plaintiff testified that she trained a previous Shipping Supervisor, Marcus William, because he did not know what he was doing. Plaintiff similarly claims that she trained

Adam Kilgore on "pretty much every single thing." (Pl. Dep. at 102.) The Shipping Supervisor position was not posted. There is no evidence if any other employees applied or were considered for the position. Plaintiff contends that she was more qualified than Adam Kilgore to hold the position of Shipping Supervisor and would have been chosen but for age and sex bias.

III.    Standard.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[3] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-23. In evaluating the arguments of the movant, the court

---

[3]Although Fed. R. Civ. P. 56 was amended on December 1, 2010, "the standard for granting summary judgment remains unchanged." Fed. R. Civ. P. 56 advisory committee's note (2010 Amendments).

must view the evidence in the light most favorable to the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the moving party has met his burden, Rule 56 "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotations omitted); *see also* Fed. R. Civ. P. 56(c). "A factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp.*, 281 F.3d at 1224 (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV. Analysis.

Plaintiff concedes that this is not a direct evidence case. (Doc. 10 at 13.) Therefore, we analyze her claims of sex and age discrimination using the analytical framework established by the U.S. Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Batey v. Stone*, 24 F.3d 1330, 1333 (11th Cir. 1994); *Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000). First, the plaintiff must establish a prima facie case of discrimination. "Demonstrating a prima facie case is not onerous; it requires only that the plaintiff establish facts adequate to permit an

inference of discrimination." *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997) (citing *Williams v. Ford Motor Co.*, 14 F.3d 1305, 1308 (8th Cir. 1994)).

Once a plaintiff has established a prima face case of discrimination, "the defendant can rebut by offering a legitimate, non-discriminatory reason for the allegedly discriminatory act." *Cooper v. Southern Co.*, 390 F.3d 695, 725 (11th Cir. 2004), *overruled on other grounds*, *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457 (2006). This burden is "exceedingly light . . . . At this stage of the inquiry, the defendant need not persuade the court that its proffered reasons are legitimate; the defendant's burden is merely one of production, not proof." *Id.* (quoting *Perryman v. Johnson Prods. Co.*, 698 F.2d 1138, 1142 (11th Cir. 1983) (citation and internal quotation marks omitted)). "If the defendant successfully rebuts the plaintiff's prima facie case, 'the presumption of discrimination is eliminated.'" *Id.* (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000)). In order to survive summary judgment, the plaintiff must then "come forward with evidence, including the previously produced evidence establishing the prima facie case, sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." *Id.* (quoting *Chapman*, 229 F.2d at 1024).

A.   Removal from the Admin/Clerical Position.

There is no dispute that Plaintiff's second-shift Admin/Clerical position was eliminated. (Doc. 10 ¶ 12; Pl. Dep. at 91.) While Plaintiff contends that her Admin/Clerical duties were taken over by another shipping office employee, Plaintiff offers no evidence that the shipping employee was hired into the Admin/Clerical position or only performed the duties of a shipping administrator or clerk. Plaintiff was not replaced. She was not terminated. Rather, Plaintiff was offered two different positions with Marshall Durbin, and she chose her current job because she felt it was more "secure."

"Ordinarily, to establish a prima facie case of discrimination under Title VII [or the ADEA], the plaintiff must establish that '(1) she is a member of a protected class; (2) she was subjected to adverse employment action; (3) her employer treated similarly situated employees who are not members of the plaintiff's class more favorably; and (4) she was qualified for the job. . . .'" *Lawver v. Hillcrest Hospice, Inc.*, 300 Fed. Appx. 768, 772-73 (11th Cir. 2008) (quoting *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 842-43 (11th Cir. 2000). It is not disputed that Plaintiff was qualified for her Admin/Clerical position, is a member of two protected classes, and suffered an adverse employment action. Defendant argues that Plaintiff

has not identified any similarly situated employees outside her protected class, let alone demonstrated that they were treated more favorably than she was when her Admin/Clerical position was eliminated.

However, Plaintiff testified that she routinely performed the duties of other employees in the shipping office when necessary, and Defendant has not disputed her qualifications or ability to perform those duties. A reasonable jury could infer that Plaintiff's Admin/Clerical position was eliminated because of her sex and/or age, because Marshall Durbin did not choose to eliminate the positions of either Adam Kilgore or Duane McLaren, two younger men in the shipping office, and have Plaintiff absorb those job duties.

Plaintiff has also adduced evidence showing that the reason she was given for the elimination of her position was false. Although Plaintiff was informed that her position was being eliminated because trucks would no longer be shipped out of the plant during the second shift, a fellow employee testified that trucks never stopped shipping. "That the employer's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that the plaintiff's proffered reason of [sex or age] is correct." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997) (quoting *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 524 (1993)). However,

disbelief of an employer's proffered explanation for its actions precludes entry of judgment as a matter of law when a plaintiff has established a prima facie case. *See id.*, 106 F.3d at 1532, 1538-39. Defendant argues that Plaintiff's evidence is inadmissible hearsay, but "a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form." *Jones v. UPS Ground Freight*, 683 F.3d 1283 (11th Cir. 2012).

It bothers the Court that Marshall Durbin has not produced *any* evidence of a legitimate, nondiscriminatory reason for the elimination of Plaintiff's position. Defendant has not submitted even one affidavit by a Marshall Durbin employee. Because Plaintiff has adduced evidence to show that there are questions of fact regarding whether her second-shift Admin/Clerical position was eliminated in favor of keeping the positions of similarly situated, younger men in the shipping office, as well as whether the reason she was given for the elimination of her position was false, summary judgment will be denied on Plaintiff's job-elimination claims.

B.   Failure to Promote to Shipping Supervisor.

Plaintiff also claims that she suffered sex and/or age discrimination when she was not promoted to the Shipping Supervisor position in Fall 2010. In order to

establish a prima facie case of discrimination for a promotion claim, "the plaintiff must demonstrate only that: (i) he or she belonged to a protected class; (ii) he or she was qualified for and applied for a position that the employer was seeking to fill; (iii) despite qualifications, he or she was rejected; and (iv) the position was filled with an individual outside the protected class." *Vessels v. Atlanta Independent School System*, 408 F.3d 763, 768 (11th Cir. 2005) (citing *McDonnell Douglas Corp.*, 411 U.S. at 802). "However, where an employer does not formally announce a position, but rather uses informal and subjective procedures to identify a candidate, a plaintiff need not show under the second prong that he applied for the position—only that the employer had some reason to consider him for the post." *Id.* (citing *Jones v. Firestone Tire & Rubber Co.*, 977 F.2d 527, 533 (11th Cir. 1992)).

Defendant argues that Plaintiff has not established that she was qualified for the Shipping Supervisor position. In order to demonstrate that she is qualified for the Shipping Supervisor position, Plaintiff must show that she satisfied Marshall Durbin's "objective qualifications." *Id.* at 769. Plaintiff has not introduced any evidence establishing Marshall Durbin's objective qualifications for the Shipping Supervisor position in Fall 2010. Instead, Plaintiff argues that "she knew what the job required," had performed the job duties in the past, and "trained" the Shipping Supervisor who

held the job while she worked as an Admin/Clerk in the shipping office. (Doc. 10 at 20.) Plaintiff's testimony, however, was that she "trained" the Shipping Supervisor on "a lot of things," including "how to do in the cooler [sic]" and how she did her job. (Pl. Dep. at 104.) She does not claim to have trained him in all of his Shipping Supervisor duties. Plaintiff's testimony that she knew the "day-to-day" duties of the job (Pl. Dep. at 103) also does not establish that she knew Marshall Durbin's objective qualifications for the position. Moreover, if Plaintiff does know the objective qualifications for the Shipping Supervisor position, she has not laid them out for the Court. Plaintiff's unsubstantiated opinion that she is qualified for the position of Shipping Supervisor is inadequate to meet her burden to establish a prima facie case of discrimination. *Barrow v. Georgia Pacific Corp.*, 144 Fed. Appx. 54, 58 (11th Cir. 2005). Because Plaintiff has not produced sufficient evidence to show that she was qualified for the Shipping Supervisor position, her failure to promote claims will be dismissed.[4]

---

[4] Because Plaintiff has failed to adduce sufficient evidence to support her promotion claims, the Court does not need to address Defendant's argument that Plaintiff failed to exhaust administrative remedies before filing these claims.

V.  Conclusion.

For the reasons stated above, Defendant's motion for summary judgment will be granted in part and denied in part.  A separate order will be entered.

Done this <u>8th</u> day of <u>August 2012</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
<sub>139297</sub>